IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Spume.IO LTD,<br>        *Plaintiff*<br><br>v.<br><br>Atlantic International Capital LLC, d/b/a AIC Digital Assets Group,<br>        *Defendant*. | CASE NO. 9:22-cv-81534 |

## COMPLAINT

Plaintiff Spume.IO LTD ("Spume"), by and through its undersigned counsel for its Complaint against Defendant Atlantic International Capital LLC, d/b/a AIC Digital Assets Group ("AIC"), alleges:

## PRELIMINARY STATEMENT

1. This is an action against AIC for breach of contract.

2. AIC marketed itself to Spume as an experienced global team of financial experts and authorized agents that partners with "the largest financial institutions, banks and asset managers."

3. With its experience and connections, AIC promised it could help Spume gain access to reputable banking services.

4. AIC also promised Spume that, based on its experience, knowledge and connections with key players in the industry, it could accomplish these tasks for Spume within specific timeframes and also obtain waivers of standard deposit requirements. AIC also promised to introduce Spume to significant "market makers" and to assist Spume to receive the most favorable terms from any vendors it introduced to the company.

5. Spume greatly valued having these tasks completed within the promised timeframe, and Spume believed, based on AIC's representations, that AIC had the expertise and connections to deliver on its promises, so Spume, in reliance on said promises, paid AIC $1,450,000 to onboard Spume on prominent banking and digital asset banking platforms, including Deltec Bank and Trust ("Deltec") and Delchain Limited ("Delchain").

6. After receiving payment, however, AIC failed to perform, made excuses, and blamed everyone but itself for prolonged delays. Ultimately, AIC failed to onboard Spume on the Deltec and Delchain banking platforms at all, much less within the promised 4-6 week period.

7. Spume eventually discovered that AIC did not have the promised connections and could not deliver on its contractual obligations for which Spume paid AIC $1,450,000.

8. Instead, Spume discovered that AIC was using the services of convicted felons and other unqualified individuals with the express plan of stealing Spume's money and making threats against Spume when Spume complained about a lack of performance. Since Spume complained to AIC about its lack of performance, AIC has waged a social media campaign against Spume.

9. Because of AIC's wrongful conduct, Spume is seeking an award of damages for AIC's breach of contract.

## JURISDICTION

10. This Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(2) because this is a civil action between Plaintiff, a citizen of a foreign state, the British Virgin Islands, and Defendant, a citizen of the State of Florida, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

11. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant is a Florida limited liability company headquartered in this district and under 28 U.S.C. § 1391(b)(3),

because Defendant is subject to personal jurisdiction in this district regarding this action. Pursuant to the parties' contract, there is no other district where Plaintiff may otherwise bring this action.

## PARTIES

12. Plaintiff Spume is a limited company incorporated in the British Virgin Islands and has its principal place of business in Tortola, British Virgin Islands.

13. Defendant AIC is a limited liability company formed under the laws of Florida and does business in Boca Raton, Florida. Based upon public records, Defendant AIC has at least one member: Richard Iamunno, who is a citizen of Florida.

## FACTS

14. Spume is a software development company that offers various blockchain-based services.

15. A critical component of Spume's business plan was to gain services from the Deltec and Delchain banking platforms.[1]

16. AIC markets itself as an agency that partners "with the largest financial institutions, banks, and asset managers to facilitate corporate and individual digital currency opportunities."[2]

17. After discussing Spume's business plans and objectives, AIC promised it could help Spume accomplish its goals.

18. Specifically, AIC represented that it had a special relationship with key people at Deltec and Delchain that would enable it to onboard Spume to these platforms in a much shorter period of time than if Spume sought to obtain Deltec and Delchain services by itself.

---

[1] Deltec is a Bahamas-based, licensed, and regulated financial institution that is widely seen as a leader in the cryptocurrency space. Delchain, also Bahamas-based, is a multi-currency banking, asset management, trading and advisory firm that supports blockchain companies. Both Deltec and Delchain are part of the Deltec International Group, a group of companies that provide banking, wealth management, and trust services.
[2] https://aicdigitalassets.com/#close.

19. Relying on AIC's representations, on and around June 6, 2022, Spume entered into an Advisory Agreement with AIC ("Agreement"), with the specific goal of expeditiously opening accounts for Spume with the Deltec and Delchain.

20. In Section 1 of the Agreement, AIC promised to serve as Spume's "global services agent and advisor . . . for the purposes of assisting onboarding to Deltec/Delchain bank providing fiat and crypto banking."

21. In Section 2 of the Agreement, AIC promised to provide expedited onboarding with both Deltec Bank and Delchain for fiat and crypto banking services within 4-6 weeks of the execution of the agreement and waiving standard deposit requirements.

22. Believing that AIC could do all it promised under the Agreement and trusting AIC, Spume promptly paid AIC $1,450,000 upon execution of the Agreement.

23. After payment, AIC requested that Spume complete some Deltec and Delchain intake-related documents. Spume promptly and accurately completed the intake-related documents and returned them to AIC.

24. Beyond submitting the documents, however, AIC did nothing more to expedite Spume's onboarding with Deltec or Delchain. AIC did nothing to and failed to obtain a waiver of standard deposit requirements for Spume. AIC failed to procure accounts with either Deltec or Delchain for AIC. In short, after receiving payment, AIC failed to perform its most critical promises, and there are strong indications that the entire operation was a fraud from the outset as Spume has learned that AIC employed or provided services to Spume through convicted felons and unsophisticated, incompetent employees, or contractors.

25. Spume has not received the benefit of its bargain and has been damaged by AIC's failure to meet its most basic promises and material breach of contract. To mitigate its damages

for AIC's breach and failures, Spume was able to claw back approximately one-half of the fee paid to AIC.

26. AIC continues to retain the remainder of the fee that Spume paid to AIC in Tether (USDT), totaling $750,000, despite utterly failing to perform any of its obligations under the Agreement, and despite Spume's repeated request that AIC return the $750,000.

## COUNT ONE - BREACH OF CONTRACT

27. Spume repeats and re-alleges paragraphs 1 through 26, as if fully set forth herein.

28. On and around June 6, 2022, Spume and AIC entered into a valid and enforceable Agreement.

29. Spume performed its obligations under the Agreement, remitting digital assets valued at $1,450,000 as payment for AIC's services. Spume also timely supplied requested documents and information and answered all questions.

30. AIC failed to perform its obligations under the Agreement, including failing to expeditiously onboard Spume Token on the Deltec/Delchain banking platform within the promised 4-6 week period.

31. Because of AIC's breach, Spume has suffered general and consequential damages, including the payment it made to AIC, which AIC has refused to return, and lost profits from losing the benefit of the bargain of the Agreement.

32. These damages flow directly from and are the natural and probable consequences of AIC's breach. These damages were foreseeable and contemplated by the parties before or when the Agreement was executed.

33. Because of the foregoing, AIC is liable to Spume in an amount to be determined at trial, plus interest and costs.

## DEMAND FOR JURY TRIAL

34. Spume demands a trial by jury under Federal Rule of Civil Procedure 39 for all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Spume prays for judgment in its favor and against AIC as follows:

a. That Spume be awarded damages for AIC's breach of the Agreement;

b. That Spume be awarded pre-and post-judgment interest on all damages;

c. That Spume be awarded all its costs and expenses in this action; and

d. Such further and other relief as the Court may deem just and proper.

Dated: October 3, 2022

Respectfully submitted,

K&L GATES LLP

By: */s/ Jonathan B. Morton*
Jonathan B. Morton, FL Bar No. 956872
jonathan.morton@klgates.com
Southeast Financial Center
200 South Biscayne Boulevard, Suite 3900
Miami, Florida 33131
Telephone: (305) 539-3300 | Facsimile: (305) 358- 7095

Victoria Oguntoye, FL Bar No. 114114
victoria.oguntoye@klgates.com
1717 Main Street, Suite 2800
Dallas, Texas 75201
Telephone: (214) 939-5500 | Facsimile: (214) 939-5849

**Attorneys for Plaintiff, Spume.IO LTD**