## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Spume.IO LTD,

          *Plaintiff*

v.

Atlantic International Capital LLC, d/b/a AIC Digital Assets Group,

          *Defendant*.

CASE NO. 9:22-cv-81534

### ANSWER OF PLAINTIFF SPUME.IO LTD TO DEFENDANT ATLANTIC INTERNATIONAL CAPITAL LLC'S COUNTERCLAIM

Plaintiff Spume.IO LTD ("Spume"), by and through its undersigned counsel, responds to Defendant Atlantic International Capital LLC's ("AIC") Counterclaim by denying each and every allegations not specifically admitted herein and by further responding as follows:

### PARTIES

1.      Spume admits the allegations contained in Paragraph 1 of the Counterclaim.

2.      Spume admits the allegations contained in Paragraph 2 of the Counterclaim.

### AIC'S FACTUAL BACKGROUND

3.      Spume lacks knowledge or information sufficient to form a belief about the truth or the falsity of the allegations contained in Paragraph 3 of the Counterclaim, and therefore denies the allegations.

4.      Spume lacks knowledge or information sufficient to form a belief about the truth or the falsity of the allegations contained in Paragraph 4 of the Counterclaim, and therefore denies the allegations.

5.      Spume lacks knowledge or information sufficient to form a belief about the truth or the falsity of the allegations contained in Paragraph 5 of the Counterclaim, and therefore denies the allegations.

6.      Spume lacks knowledge or information sufficient to form a belief about the truth or the falsity of the allegations contained in Paragraph 6 of the Counterclaim, and therefore denies the allegations.

7.      Spume lacks knowledge or information sufficient to form a belief about the truth or the falsity of the allegations contained in Paragraph 7 of the Counterclaim, and therefore denies the allegations.

8.      Spume admits the allegations contained in Paragraph 8 of the Counterclaim.

9.      Spume denies the allegations contained in Paragraph 9 of the Counterclaim.

10.     Spume admits the allegations contained in Paragraph 10 of the Counterclaim.

11.     Spume denies the allegations contained in Paragraph 11 of the Counterclaim.

12.     Spume denies the allegations contained in Paragraph 12 of the Counterclaim.

13.     Spume denies the allegations contained in Paragraph 13 of the Counterclaim.

14.     Spume admits that AIC and Spume executed an Advisory Agreement ("Agreement") on June 6, 2022, and the Agreement speaks for itself.  Spume denies the remaining allegations contained in paragraph 14 of the Counterclaim.

15.     Spume admits only that Section 2 of the Agreement contains the quoted language referenced in Paragraph 15, among additional language, but Spume denies the remaining allegations in Paragraph 15 of the Counterclaim.

16.     Spume admits only that Section 3 of the Agreement contains the quoted language referenced in Paragraph 16, among additional language, but Spume denies the remaining allegations in Paragraph 16 of the Counterclaim.

17.      Spume admits only that Section 6 of the Agreement contains the quoted language referenced in Paragraph 17, but Spume denies the remaining allegations in Paragraph 17 of the Counterclaim.

18.     Spume admits only that Section 7 of the Agreement contains the quoted language referenced in Paragraph 18, among additional language, but Spume denies the remaining allegations in Paragraph 18 of the Counterclaim.

19.     Spume denies the allegations contained in Paragraph 19 of the Counterclaim.

20.     Spume admits that it promptly paid AIC $1,450,000 upon execution of the Agreement and otherwise denies the remaining allegations contained in Paragraph 20 of the Counterclaim.

21.     Spume lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in Paragraph 21 of the Counterclaim, and therefore denies the allegations.

22.     Spume admits that AIC provided applications for Delchain and Deltec, and that AIC requested that Spume return the completed application materials to AIC. Spume lacks knowledge or information sufficient to form a belief about the truth or the falsity of the remaining allegations contained in Paragraph 22 of the Counterclaim, and therefore denies the allegations.

23.     Spume denies the allegations in Paragraph 23 of the Counterclaim.

24.     Spume denies the allegations in Paragraph 24 of the Counterclaim.

25.     Spume denies the allegations in paragraph 25 of the Counterclaim.

26.     Spume admits the allegations in Paragraph 26 of the Counterclaim.

27.     Spume denies the allegations in Paragraph 27 of the Counterclaim.

28.     Spume denies the allegations in Paragraph 28 of the Counterclaim.

29.     Spume denies the allegations in Paragraph 29 of the Counterclaim.

30.     Spume denies the allegations in Paragraph 30 of the Counterclaim.

31.     Spume denies the allegations in Paragraph 31 of the Counterclaim.

32.     Spume denies the allegations in Paragraph 32 of the Counterclaim.

33.     Spume lacks knowledge or information sufficient to form a belief about the truth or the falsity of the allegations contained in Paragraph 33 of the Counterclaim, and therefore denies the allegations.

34.      Spume denies the allegations in Paragraph 34 of the Counterclaim.

35.     Spume denies the allegations in Paragraph 35 of the Counterclaim.

36.     Spume denies the allegations in Paragraph 36 of the Counterclaim.

37.     Spume denies the allegations in Paragraph 37 of the Counterclaim.

38.     Spume denies the allegations in Paragraph 38 of the Counterclaim.

39.     Spume denies the allegations in Paragraph 39 of the Counterclaim.

40.     Spume denies the allegations in Paragraph 40 of the Counterclaim.

41.     Spume denies the allegations in paragraph 41 of the Counterclaim.

42.     Spume denies the allegations in Paragraph 42 of the Counterclaim.

43.     Spume denies the allegations in Paragraph 43 of the Counterclaim.

44.     Spume denies the allegations in Paragraph 44 of the Counterclaim.

45.     Spume denies the allegations in Paragraph 45 of the Counterclaim.

46.     Spume denies the allegations in Paragraph 46 of the Counterclaim.

47.     Spume lacks knowledge or information sufficient to form a belief about the truth or the falsity of the allegations contained in Paragraph 47 of the Counterclaim, and therefore Spume denies the allegations.

48.     Spume denies the allegations in Paragraph 48 of the Counterclaim.

### AIC'S COUNT ONE - BREACH OF CONTRACT

49.     Spume repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 48 as set forth above.

50.     Spume admits the allegations in Paragraph 50 of the Counterclaim.

51.     Spume denies the allegations in Paragraph 51 of the Counterclaim.

52.     Spume denies the allegations in Paragraph 52 of the Counterclaim.

53.     The Agreement speaks for itself.  Spume denies the remaining allegations in Paragraph 53 of the Counterclaim.

54.     Spume denies the allegations in Paragraph 54 of the Counterclaim.

55.     Spume denies the allegations in Paragraph 55 of the Counterclaim and all subparts thereto.

56.     Spume denies the allegations in Paragraph 56 of the Counterclaim.

57.     Spume denies the allegations in Paragraph 57 of the Counterclaim.

58.     Spume denies the allegations in Paragraph 58 of the Counterclaim.

Spume denies that AIC is entitled to any of the relief requested in the "WHEREFORE" paragraph and requests that the Court enter judgment in Spume's favor and against AIC on Count I of the Counterclaim.

## AIC'S COUNT II - BREACH OF THE IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING

59.     Spume repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 48 as set forth above.

60.     Paragraph 60 of the Counterclaim is a legal conclusion to which no response is required. To the extent a response is required, Spume denies the allegations in Paragraph 60 of the Counterclaim.

61.     Paragraph 61 of the Counterclaim is a legal conclusion to which no response is required. To the extent a response is required, Spume denies the allegations in Paragraph 61 of the Counterclaim.

62.     Spume denies the allegations in Paragraph 62 of the Counterclaim.

63.     Spume denies the allegations in Paragraph 63 of the Counterclaim.

64.     Spume denies the allegations in Paragraph 64 of the Counterclaim.

65.     Spume denies the allegations in Paragraph 65 of the Counterclaim.

66.     Spume denies the allegations in Paragraph 66 of the Counterclaim.

Spume denies that AIC is entitled to any of the relief requested in the "WHEREFORE" paragraph and requests that the Court enter judgment in Spume's favor and against AIC on Count II of the Counterclaim.

## AIC'S COUNT III - DEFAMATION PER SE

67.     Spume repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 48 as set forth above.

68.     Spume denies the allegations in Paragraph 68 of the Counterclaim and every subpart thereto.

69.     Spume denies the allegations in paragraph 69 of the Counterclaim.

70.     Spume denies the allegations in Paragraph 70 of the Counterclaim.

71.     Paragraph 71 of the Counterclaim is a legal conclusion to which no response is required. To the extent a response is required, Spume denies the allegations in Paragraph 71 of the Counterclaim.

72.     Spume denies the allegations in Paragraph 72 of the Counterclaim.

73.     Spume denies the allegations in Paragraph 73 of the Counterclaim.

Spume denies that AIC is entitled to any of the relief requested in the "WHEREFORE" paragraph and requests that the Court enter judgment in Spume's favor and against AIC on Count III of the Counterclaim.

### AIC'S COUNT IV - TORTIOUS INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONS

74.     Spume repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 48 as set forth above.

75.     Spume lacks knowledge or information sufficient to form a belief about the truth or the falsity of the allegations contained in Paragraph 75 of the Counterclaim, and therefore denies the allegations.

76.     Spume denies the allegations in Paragraph 76 of the Counterclaim.

77.     Spume denies the allegations in Paragraph 77 of the Counterclaim.

78.     Spume denies the allegations in Paragraph 78 of the Counterclaim.

79.     Spume denies the allegations in Paragraph 79 of the Counterclaim.

80.     Spume denies the allegations in Paragraph 80 of the Counterclaim.

Spume denies that AIC is entitled to any of the relief requested in the "WHEREFORE" paragraph and requests that the Court enter judgment in Spume's favor and against AIC on Count IV of the Counterclaim.

## AIC'S COUNT V - CONVERSION

81.     Spume repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 48 as set forth above.

82.     Spume denies the allegations in Paragraph 82 of the Counterclaim.

83.     Spume denies the allegations in Paragraph 83 of the Counterclaim.

84.     Spume denies the allegations in Paragraph 84 of the Counterclaim.

85.     Spume denies the allegations in Paragraph 85 of the Counterclaim.

86.     Spume denies the allegations in Paragraph 86 of the Counterclaim.

Spume denies that AIC is entitled to any of the relief requested in the "WHEREFORE" paragraph and requests that the Court enter judgment in Spume's favor and against AIC on Count V of the Counterclaim.

## AFFIRMATIVE DEFENSES

1.     AIC fails to state a claim upon which relief may be granted.

2.     AIC's claims for relief are barred by the doctrine of unclean hands because AIC engaged in inequitable behavior in the performance of its obligations under the Agreement.

3.     AIC's claims for relief are barred because any damages AIC received are the results of its own conduct or the conduct of its agents.

4.     AIC failed to mitigate its damages.

5.     AIC's claims for relief are barred because it seeks damages that are too speculative or cannot be established with reasonable certainty.

6.     AIC's breach of contract counterclaim is barred by AIC breached the Agreement by failing to meet any of its promises.

7.     AIC's conversion claim is barred by the existence of a written contract.

WHEREFORE, Spume respectfully requests that AIC's Counterclaim be dismissed with prejudice, and that the Court grant Spume such other relief as it deems just and proper.

Dated: November 25, 2022

Respectfully submitted,

K&L GATES LLP

By: /s/ Jonathan B. Morton
Jonathan B. Morton, FL Bar No. 956872
jonathan.morton@klgates.com
Southeast Financial Center
200 South Biscayne Boulevard, Suite 3900
Miami, Florida 33131
Telephone: (305) 539-3300 | Facsimile: (305) 358- 7095

Victoria Oguntoye, FL Bar No. 114114
victoria.oguntoye@klgates.com
1717 Main Street, Suite 2800
Dallas, Texas 75201
Telephone: (214) 939-5500 | Facsimile: (214) 939-5849

**Attorneys for Plaintiff, Spume.IO LTD**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via ECF on this 25th day of November, 2022, and served upon all counsel of record.

By: /s/ Victoria Oguntoye
Victoria Oguntoye